**FILED**
**CHARLOTTE, NC**

JUL - 6 2011

**US DISTRICT COURT**
**WESTERN DISTRICT OF NC**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:11cr202-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| v. | ) | |
| | ) | |
| KELLY GENE SVEDBERG, | ) | |
| | ) | |
| Defendant. | ) | |

UPON the Defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1.      The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c):

**Any and all currency and monetary instruments which constitute proceeds of the crimes alleged in the Bill of Information, including the sum of approximately $138,005.52 in proceeds.**

2.      A forfeiture money judgment in the amount of $138,005.52 shall be included in the sentence of the Defendant, and the United States Department of Justice may take steps to collect the judgment from any property of the Defendant, in accordance with the substitute asset provisions of 21 U.S.C. § 853(p);

3.      Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982 and/or 28 U.S.C. § 2461(c). The Defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the

judgment against Defendant.


ANNE M. TOMPKINS
UNITED STATES ATTORNEY


_____
BENJAMIN BAIN-CREED, ESQ.
Assistant United States Attorney


_____
KELLY GENE SVEDBERG
Defendant


_____
JULIA GRACE MIMMS, ESQ.
Attorney for the Defendant


Signed this the 6 day of July, 2011.


_____
UNITED STATES *Magistrate* JUDGE